FILED
2010 APR 15 AM 8:14
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DANY ROJAS-VEGA,

Plaintiff,

vs.

T. DIANE CEJKA,
WAYNE K. WILLIS,
U. S. CITIZENSHIP & IMMIGRATION SERVICES, and
IMMIGRATION & CUSTOMS ENFORCEMENT

Defendant.

CASE NO. 09CV2489 BEN (BLM)

**ORDER:**

**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. No. 2];**

**(2) *SUA SPONTE* DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM [Doc. No. 1]**

**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 7]**

**(4) DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS [Doc. No. 3-2]**

Plaintiff Dany Rojas-Vega, a former Bureau of Immigration and Customs Enforcement ("BICE") detainee proceeding *pro se*, filed a Complaint alleging the Defendants have unlawfully withheld documents in violation of the Freedom of Information Act ("FOIA") and the Privacy Act. (Dkt. No. 1).

Plaintiff moves to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), (Dkt. No. 2), and for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1). (Dkt. No. 7). In addition,

Plaintiff seeks Leave to Electronically File Documents. (Dkt. No. 3). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed IFP, but **DENIES** Plaintiff's motion for appointment of counsel and for leave of court to electronically file documents. The Court also *sua sponte* **DISMISSES** the action without prejudice and with leave to amend.

**BACKGROUND**

Plaintiff's 49-page Complaint asserts FOIA and Privacy Act violations against Defendants T. Diane Cejka (Director *USCIS-FOIA*), Wayne K. Willis (Interim District Director *USINS-FOIA*), U.S. Citizenship and Immigration Services ("USCIS"), a federal agency, and Immigration and Customs Enforcement ("ICE"), a federal agency.

Plaintiff alleges that on October 6, 1995, he entered into a "good faith, nondiscretionary verbal plea agreement" with the Immigration and Naturalization Service ("INS") "through the San Diego City Attorney's office" (case no: M707038). (Compl. ¶ 10). On August 21, 2001, Defendants arrested Plaintiff, personally served him with notice to appear and initiated removal proceedings based on a 1995 misdemeanor conviction for use of a controlled substance, pursuant to California Health & Safety Code § 11364. Plaintiff alleges his arrest and detention violated the Immigration and Nationality Act ("INA") § 237(a)(2)(B)(I). (Compl. ¶ 11). Plaintiff was served with a Notice to Appear ("NTA") and a notice advising him of his rights in agency proceedings. (*Id.* ¶ 11). Plaintiff alleges that he was denied his Due Process Rights because his removal proceedings were not decided by a Court that had the full use and benefit of the tapes or transcripts of the 1995 proceedings. (*Id.* ¶ 12).

Plaintiff alleges that all his attempts to obtain the needed documents in their "complete" or "un-redacted" form have been unsuccessful. (*Id.* ¶¶ 13-33). Plaintiff alleges that the Defendants' continued lack of cooperation and inability to provide the documents led him to file for production of the documents under FOIA. (*Id.* ¶ 13). Additionally, he believes the Defendants have no valid ground for denying him copies of the 1995 change of plea and sentencing proceedings which are the basis for the filing of this Complaint. (*Id.* ¶ 34).

///

///

///

## DISCUSSION

### I. Motion to Proceed IFP

This Court has broad discretion to grant or deny Plaintiff's IFP motion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Pursuant to 28 U.S.C. § 1915 and this Court's Local Rule 3.2, Plaintiff must submit an affidavit that includes a statement of his assets and shows his inability to pay the filing fee. 28 U.S.C. § 1915(a); CivLR 3.2. To prevail on this motion, Plaintiff need not demonstrate to the Court that he is completely destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, he must demonstrate his indigency with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam).

Plaintiff asserts that he is unemployed, lacks a checking account, and has no other assets, property or financial resources. (Dkt. No. 2 at 3). He claims he is indebted to his parents for "eight years of financial and moral support" and that any money he has made while in Costa Rica is not even worth mentioning. (*Id.* at 2-3). Additionally, Plaintiff states that he is forced to rely on the support of his family to cover his day-to-day expenses. (*Id.* at 3).

The Court finds that Plaintiff has demonstrated that he is unable to pay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

### II. *Sua Sponte* Screening per 28 U.S.C. § 1915(e)(2)

The Court has reviewed Plaintiff's Complaint and finds it to be vague, ambiguous, and fails to state a claim for relief. A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under § 1915. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

"[W]hen determining whether a complaint states a claim, a Court must accept as true all

allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). In deciding whether to dismiss the complaint for failing to state a claim, the court is generally bound by the facts and allegations contained within the four corners of the complaint. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). But, if the plaintiff has supplemented the complaint by attaching documents, the court may consider these documents as part of the complaint when determining whether the plaintiff can prove the allegations asserted in the complaint. *During v. First Boston Corp*, 815 F.2d 1265, 1267 (9th Cir. 1987). However, while "[c]onstruing these pro se pleadings liberally, as we must," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Having concluded the § 1915(e) review, Plaintiff's Complaint is dismissed.

A. <u>Plaintiff's Privacy Act Claim</u>.

Plaintiff's citizenship prevents him from obtaining relief under the Privacy Act. The Privacy Act allows an "individual" to gain access to agency records containing information regarding himself. 5 U.S.C. § 552a(d)(1); *Raven v. Pan. Canal Co.,* 583 F.2d 169, 170 (5th Cir. 1978). Individuals who are denied access to certain official records may bring a civil action to compel disclosure. 5 U.S.C. § 552a(g)(1); *Raven*, 583 F.2d at 170. Under the Privacy Act, an "individual" is defined as "a citizen of the United States or an alien lawfully admitted for permanent residence." 5 U.S.C. § 552a(a)(2). Congress purposely limited the Privacy Act in this manner, in contrast to FOIA. *Raven*, 583 F.2d at 171; *Stone v. Exp.-Imp. Bank of U.S.*, 552 F.2d 132, 136-37 (5th Cir. 1977); *Doherty v. U.S. Dep't of Justice*, 596 F. Supp. 423, 425-26 (S.D.N.Y. 1984); *Fla. Med. Ass'n, Inc. v. Dep't Health, Educ. & Welfare*, 479 F. Supp. 1291, 1307 (M.D. Fla. 1979). "The legislative history of the Privacy Act indicates that the definition of 'individual' by Congress was intended to exclude from the coverage of the Privacy Act those interests of foreign nationals and nonresident aliens...." *Fla. Med. Ass'n, Inc.*, 479 F. Supp. at 1307.

According to the Complaint, on August 21, 2006, the Plaintiff's lawful U.S. resident alien status

was revoked, resulting in his removal. (Compl. ¶ 11). Additionally, Plaintiff alleges he resides in Del Marisco Bar, Costa Rica. (Compl. ¶ 5). As such, he is not entitled to enjoy the benefits attributed to U.S. citizens or individuals currently possessing lawful resident status. Plaintiff cannot state a claim for a benefit that he is clearly not entitled to under the Privacy Act. Accordingly, the Privacy Act claims are *sua sponte* **DISMISSED.** *See Calhoun v. Stahl*, 254 F.3d 845, 845 (2001); *Lopez*, 203 F.3d at 1127.

B. Plaintiff's FOIA Claim.

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Co.*, 437 U.S. 214, 242 (1978). When a person requests a record from a federal agency and the agency withholds the record, the person may bring suit in district court to enjoin the agency from withholding the record and to order the production of any records improperly withheld. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989).

Although the mandate of FOIA calls for broad disclosure of Government records, the Act represents a careful balance between "public rights and agency obligations." *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980). As such, FOIA provides that any person has a right of access to federal agency records, except to the extent that such records (or portions thereof) are protected from disclosure by one of nine exemptions or by one of three special law enforcement exclusions. *See* 5 U.S.C. § 552. To successfully assert a FOIA claim, the plaintiff must show "that an agency has: (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Id.* A district court's authority to implement judicial remedies and order the production of improperly withheld documents can only be invoked if the agency has violated *all* three requirements. *See Id.*

Plaintiff alleges that he has followed the requisite procedures to obtain the information he seeks. (Compl. ¶ 41). Plaintiff further alleges that any reference to legitimate withholding of documents by the Defendants as reflected in the exhibits were wrongful and without any legal excuse or authority. (Compl. ¶ 43). The Court finds that even liberally construing Plaintiff's allegations, the Complaint fails to state a valid FOIA claim.

First, the Complaint presents no valid claim against Defendants T. Diane Cejka or Wayne K. Willis because FOIA applies only to federal agencies. *See Armstrong v. Exec. Office of the President*, 90 F.3d 553, 569 (D.C. Cir. 1996). Therefore, the FOIA claims alleged against T. Diane Cejka and Wayne K. Willis are **DISMISSED**.

Plaintiff does however identify USCIS and ICE as additional Defendants in Section III of the Complaint. (Compl. ¶¶ 8-9). USCIS and ICE are federal agencies within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 552a(a)(1) and qualify as proper defendants in a FOIA action.[1]

However, the Complaint still fails to state a FOIA claim upon which relief may be granted against Defendants USCIS and ICE. The Complaint alleges Defendants "improperly" withheld or destroyed documents sought by the Plaintiff. (Compl. ¶ 31). In support of this allegation, the Plaintiff directs the Courts attention to the numerous exhibits attached to the Complaint. (Compl. at 13-29). After reviewing the exhibits in conjunction with the Complaint, the Court believes the Plaintiff has misinterpreted the requirements for asserting a FOIA cause of action. As stated above, to successfully assert a FOIA claim, the plaintiff must show "that an agency has: (1) 'improperly'; (2) 'withheld'; (3) 'agency records'." *See* 5 U.S.C. § 552. These three requirements are clear, unambiguous and must all be satisfied to assert a valid FOIA action.

1. Improperly

Plaintiff's allegations that the Defendants "improperly" withheld tapes and transcripts of state court proceedings are not sufficient. The October 6, 1995 tapes and transcripts sought by the Plaintiff originated from state court proceedings. Federal agencies are not caretakers of state court documents. For the Defendants to have acted "improperly" would at a minimum require the agencies to have been in possession of the documents requested. The Complaint does not allege that the Defendants are in possession of the tapes and transcripts.

2. Withheld

Plaintiff has alleged that the Defendants "withheld" documents that were sought under the FOIA document request. As stated above, the tapes and transcripts sought by the Plaintiff originated in state

---

[1]The Court cautions Plaintiff that all parties need to be listed in the caption of all future filings and he should comply with "Civil Rule 5.1 - Form, Paper, Legibility, Nature of Documents to be Filed" to ensure full compliance with this Courts requirements. *See* CivLR 5.1 at 5.

court proceedings. Federal agencies generally do not maintain state court records. The Plaintiff has alleged that the Defendants possessed these documents. His speculation to the contrary, without more is insufficient.

3. Agency Records

Plaintiff has alleged that the Defendants improperly withheld "agency records" sought under the FOIA document request. The Plaintiff alleges that the records he sought were from his state court proceedings. As such, they were not "agency records." Therefore, Plaintiff cannot state a claim against the Defendants for production of documents that were not "agency records."

Likewise, Plaintiff's claim that the Defendants should be ordered to provide Plaintiff with pages that were omitted from the 2003 FOIA document request also fails. The allegations contained in the Complaint and attached documents do not indicate the Defendants were ever in possession of the documents Plaintiff is seeking. For example, "exhibit-A1," a letter from T. Diane Cejka, Director of USCIS (Dkt. No. 1 at 25) acknowledges receipt of Plaintiff's FOIA document request and declares what documents USCIS is able to reproduce per his request. The letter explicitly states USCIS will provide Plaintiff the copies of the complete file consisting of 194 pages of material. (*Id.*) It further states that any missing documents or redactions were made prior to the file being received at the National Records Center and does not constitute information withheld under the provisions of FOIA or Privacy Act. (*Id.*) The Court also notes that a second exhibit, also listed as "exhibit-A1" further supports this point. (Dkt. No. 1 at 28). This second exhibit, dated September 11, 2009, from Peter D. Gregory, Chief-USCIS, is a response denying Plaintiff's appeal of the June 17, 2009 decision for records by USCIS. Paragraph three is of particular interest which states:

> If the documents and/or tapes were not received, then the documents and/or tapes were not located in the file. According to several pages previously sent to you, the tapes from October 1995 no longer exist. Please see the Municipal Court of the State of California In and for The County of San Diego Central Division, San Diego, Petition for Writ of State Error Coram Nobis (Motion to Vacate and Set-Aside Judgement), line 19.

(*Id.*) (Quotation omitted).

The Plaintiff's conclusory statements in the Complaint fail to state a claim that the Defendants improperly withheld any agency documents. Even construing the facts contained in the Complaint in the Plaintiff's favor, the Complaint lacks allegations that the Defendants

in fact possessed the documents and improperly withheld them when requested by the Plaintiff. Without such allegations, the Complaint cannot satisfy the *sua sponte* screening requirement.

Accordingly, the FOIA claim is *sua sponte* **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (2001); *Lopez*, 203 F.3d at 1127.

C. Leave to Amend

A Court should grant leave to amend, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d at 1130-31. Plaintiff is hereby granted leave to Amend his Complaint within 45 days from the date this order is filed.

**III. Motion for Appointment of Counsel**

A person has no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his] claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's "likelihood of success on the merits" and his ability to adequately present the case *pro se* weigh against appointing counsel. First, as discussed above, the Complaint suggests little likelihood of success on the merits. Second, Plaintiff has demonstrated a sufficient understanding of procedural requirements to enable him to pursue his claims. For example, Plaintiff has filed a Complaint and several other supporting documents in this case. He has been proactive in attempting to gain access as a non-attorney filer on the Courts Electronic Filing System (CM/ECF). (*See* Dkt. No. 3 at 3-4.) Additionally, Plaintiff has pursued *pro se* status in at least five other legal proceedings prior to the filing of this suit.

Plaintiff has failed to demonstrate that exceptional circumstances exist which would support this Court in appointing counsel on his behalf. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice.

**IV. Motion for Leave to Electronically File Documents**

Pursuant to General Order No. 550, "[W]ith certain defined exceptions, the Court shall require all documents in civil and criminal cases to be filed within the ECF System." *See* 2009 *California Court Order* 933 (C.O. 933). Section 2(b) of the CM/ECF Administrative Policies and Procedures Manual provides an exception for *pro se* litigants to obtain access to file documents electronically. Under section 2(b), a *pro se* litigant must seek leave of Court to demonstrate they possess the necessary "equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual" before the Court will consider the appropriateness of granting electronic filing access to the *pro se* litigant.[2] *Id.* at 5.

Having determined the Complaint fails a *sua sponte* screening and ordering its dismissal, it is unwarranted to grant Plaintiff authority to electronically file documents at this time. Therefore, Plaintiff's motion is **DENIED** without prejudice.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** the Plaintiff's Motion's to Proceed IFP, **DENIES** Plaintiff's Motion for Appointment of Counsel, and **DENIES** Plaintiff's Motion for Leave to Electronically File Documents.

The Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is **GRANTED** forty-five (45) days from the date this Order is filed to file an amended complaint which addresses the deficiencies set forth above.

Moreover, if Plaintiff's First Amended Complaint still fails to state a claim upon which

---

[2] A *pro se* party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual. If granted leave to electronically file, the *pro se* party must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days. *Id.* 5-6.

relief can be granted or otherwise fails to survive the screening provisions of 28 U.S.C. § 1915(e)(2), it may be subject to dismissal without any further leave to amend. *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

Dated: April 14, 2010

Hon. Roger T. Benitez
United States District Judge