FILED

11 FEB 22 PM 3:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DANY ROJAS-VEGA,<br><br>  Plaintiff,<br><br>vs.<br><br>T. DIANE CEJKA, et al.,<br><br>  Defendants. | CASE NO. 09CV2489 BEN (BLM)<br><br>ORDER:<br><br>• *SUA SPONTE* DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM<br>• DENYING MOTION FOR COURT ORDER TO SERVE COMPLAINT<br><br>[Dkt. Nos. 12, 14] |
|---|---|

## INTRODUCTION

Plaintiff Dany Rojas-Vega, proceeding pro se, filed a Complaint alleging that Defendants had unlawfully withheld documents in violation of the Freedom of Information Act ("FOIA") and the Privacy Act. (Dkt. No. 1). The Court *sua sponte* dismissed Plaintiff's Complaint for failing to state a claim, but granted Plaintiff leave to file an amended complaint. (Dkt. No. 10.) Plaintiff has filed a First Amended Complaint ("FAC"). (Dkt. No. 12.) For the reasons set forth below, the Court *sua sponte* **DISMISSES** the FAC.

## DISCUSSION

I. *Sua Sponte* Screening per 28 U.S.C. § 1915(e)(2)

The Court has reviewed Plaintiff's FAC and again finds it vague, ambiguous and failing to state a claim for relief. A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

1  defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th
2  Cir. 2000). Where a complaint fails to state "any constitutional or statutory right that was violated,
3  nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" and
4  the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint
5  under § 1915. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Neitzke v. Williams*,
6  490 U.S. 319, 325 (1989)).

7  "[W]hen determining whether a complaint states a claim, a Court must accept as true all
8  allegations of material fact and must construe those facts in the light most favorable to the plaintiff."
9  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193,
10 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure
11 12(b)(6)."). In deciding whether to dismiss the complaint for failing to state a claim, the court is
12 generally bound by the facts and allegations contained within the four corners of the complaint.
13 *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). While "[c]onstruing these pro se pleadings
14 liberally, as we must," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (citing *Haines v.
15 Kerner*, 404 U.S. 519 (1972)), the Court may not "supply essential elements of the claim that were not
16 initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In
17 short, this Court is limited to the allegations of Plaintiff's FAC and may only consider the FAC,
18 without reference to his previously dismissed Complaint, because a pleading must be complete in
19 itself. CivLR 15.1.

20 Plaintiff's FAC attempts to state claims for violations of the Restatement (second) of Contracts,
21 the United States Constitution, the Privacy Act, the FOIA, and the Administrative Procedures Act.
22 It also includes references to previously closed cases Plaintiff has filed in this Court. The FAC,
23 however, lacks facts giving rise to a claim for relief. The Court cannot decipher the factual basis for
24 Plaintiff's claims from his FAC. Plaintiff's conclusory statements that statutes were violated are not
25 sufficient without facts giving rise to a violation. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d
26 266, 268 (9th Cir. 1982) (finding "[v]ague and conclusory allegations of . . . civil rights violations are
27 not sufficient to withstand a motion to dismiss").

28 Having concluded the § 1915(e) review, Plaintiff's FAC is **DISMISSED without prejudice**.

## II. Leave to Amend

A Court should grant leave to amend, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d at 1130-31. Plaintiff is hereby granted leave to Amend his Complaint within 45 days from the date this order is filed.

The Court notes that the Second Amended Complaint must comply with Federal Rule of Civil Procedure 8. Specifically, the Second Amended Complaint must provide "a *short and plain* statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2) (emphasis added). Plaintiff should indicate the statutes implicated by Plaintiff's claims and the **facts** supporting each of those claims. Additionally, pursuant to Civil Local Rule 15.1, Plaintiff's Second Amended Complaint must be complete in itself without reference to any other filing, including the previously filed Complaint and FAC. CivLR 15.1.

If Plaintiff's Second Amended Complaint still fails to state a claim upon which relief can be granted or otherwise fails to survive the screening provisions of 28 U.S.C. § 1915(e)(2), it will be dismissed without any further leave to amend. *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

## CONCLUSION

Plaintiff's FAC is **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is **GRANTED** forty-five (45) days from the date this Order is filed to file a Second Amended Complaint.

Plaintiff's FAC having been dismissed, Plaintiff's Motion for Court Order to Serve Complaint is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: February 21, 2011

Hon. Roger T. Benitez
United States District Judge