UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DANY ROJAS-VEGA, | CASE NO. 09CV2489 BEN (BLM) |
|---|---|
| Plaintiff, | **ORDER *SUA SPONTE* DISMISSING THIRD AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |
| vs. | **[Doc. No. 26]** |
| T. DIANE CEJKA, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Dany Rojas-Vega proceeding *pro se* and *in forma pauperis* ("IFP") has filed a Third Amended Complaint ("TAC"). The Court can decipher that Plaintiff is attempting to state claims under the Freedom of Information Act ("FOIA") and the Privacy Act. Plaintiff additionally cites to numerous other statutes that have no legal basis under the allegations of his TAC. This constitutes Plaintiff's fourth attempt to file a complaint that states a claim for relief. For the reasons set forth below, the Court *sua sponte* **DISMISSES the TAC without leave to amend**.

## BACKGROUND

Plaintiff's TAC asserts claims against U.S. Citizenship and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), Eric Holder, Jr., and Robin Baker. Plaintiff alleges that in 1995, he entered into a plea agreement in state court with an "agency."[1](state court case no:

---

[1] Plaintiff continually refers to an "agency," but it is unclear from paragraph to paragraph to which agency he is referring.

M707038). In 2003, after Plaintiff was placed in deportation proceedings for his drug conviction, he sought the tapes and transcripts of his state plea proceedings. Plaintiff alleges that he attempted to obtain the tapes and transcripts of the state court plea proceedings from other sources, but eventually sought them from an agency.

**DISCUSSION**

**I.    *Sua Sponte* Screening per 28 U.S.C. § 1915(e)(2)**

The Court has reviewed Plaintiff's TAC and finds that Plaintiff has again failed to state a claim for relief. A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under § 1915. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

"[W]hen determining whether a complaint states a claim, a Court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). While "[c]onstruing these pro se pleadings liberally, as we must," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Having concluded the § 1915(e) review, Plaintiff's TAC is dismissed without leave to amend.

**A.    Plaintiff's Privacy Act Claim.**

Plaintiff's citizenship prevents him from obtaining relief under the Privacy Act. The Privacy Act allows an "individual" to gain access to agency records containing information regarding himself. 5

U.S.C. § 552a(d)(1); *Raven v. Pan. Canal Co.,* 583 F.2d 169, 170 (5th Cir. 1978). Individuals who are denied access to certain official records may bring a civil action to compel disclosure. 5 U.S.C. § 552a(g)(1); *Raven*, 583 F.2d at 170. Under the Privacy Act, an "individual" is defined as "a citizen of the United States or an alien lawfully admitted for permanent residence." 5 U.S.C. § 552a(a)(2). Congress purposely limited the Privacy Act in this manner. *Raven*, 583 F.2d at 171; *Stone v. Exp.-Imp. Bank of U.S.*, 552 F.2d 132, 136-37 (5th Cir. 1977); *Doherty v. U.S. Dep't of Justice*, 596 F. Supp. 423, 425-26 (S.D.N.Y. 1984); *Fla. Med. Ass'n, Inc. v. Dep't Health, Educ. & Welfare*, 479 F. Supp. 1291, 1307 (M.D. Fla. 1979). "The legislative history of the Privacy Act indicates that the definition of 'individual' by Congress was intended to exclude from the coverage of the Privacy Act those interests of foreign nationals and nonresident aliens. . . ." *Fla. Med. Ass'n, Inc.,* 479 F. Supp. at 1307.

According to the record before the Court, Plaintiff's lawful permanent resident status was revoked, resulting in his removal. Consistent with this record, Plaintiff alleges he resides in Del Marisco Bar, Costa Rica. As such, he is not entitled to enjoy the benefits attributed to U.S. citizens or individuals currently possessing lawful resident status. Plaintiff cannot state a claim for a benefit that he is clearly not entitled to under the Privacy Act. Additionally, as discussed below, the TAC lacks a factual basis to support Plaintiff's conclusory allegations that a federal agency has the tapes and transcripts of his state court plea proceedings.

### B. Plaintiff's FOIA Claim.

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Co.*, 437 U.S. 214, 242 (1978). When a person requests a record from a federal agency and the agency withholds the record, the person may bring suit in district court to enjoin the agency from withholding the record and to order the production of any records improperly withheld. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989).

Although the mandate of FOIA calls for broad disclosure of Government records, the Act represents a careful balance between "public rights and agency obligations." *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980). As such, FOIA provides that any person

has a right of access to federal agency records, except to the extent that such records (or portions thereof) are protected from disclosure by one of nine exemptions or by one of three special law enforcement exclusions. *See* 5 U.S.C. § 552. To successfully assert a FOIA claim, the plaintiff must show "that an agency has: (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Id*. A district court's authority to implement judicial remedies and order the production of improperly withheld documents can only be invoked if the agency has violated all three requirements. *See id*. The Court finds that even liberally construing Plaintiff's allegations, the TAC fails to state a valid FOIA claim.

Plaintiff's conclusory allegations that an agency improperly withheld tapes and transcripts of state court proceedings is not sufficient. The tapes and transcripts sought by Plaintiff originated from state court proceedings. Federal agencies are not caretakers of state court documents. Improper withholding of a record would, at a minimum, require the agency to have possession of the record requested. Plaintiff provides no basis for an agency to maintain tapes and transcripts of Plaintiff's state court plea proceedings decades after those proceedings took place and years after the state court destroyed those records. Plaintiff's conclusory speculation that an agency possessed these documents is insufficient. An agency cannot improperly withhold a record it has no reason to have. Construing the allegations liberally in Plaintiff's favor, the Court finds the TAC lacks a sufficient factual basis supporting Plaintiff's allegation that an agency possessed an agency record that it improperly withheld when requested by Plaintiff in a timely fashion.

Additionally, Plaintiff has failed to state a claim under any of the numerous other statutes cited in the TAC. Accordingly, the TAC is *sua sponte* **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (2001); *Lopez*, 203 F.3d at 1127.

**II.  Leave to Amend**

The Court finds that granting Plaintiff further leave to amend would be futile, particularly given the four prior attempts to file a complaint that states a claim. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (identifying futility of amendment and previous opportunities to amend as factors to assess the propriety of granting leave to amend). The Court has cautioned Plaintiff with each opportunity to amend that if Plaintiff failed to state a claim, his complaint would be dismissed without leave to amend. After four attempts, dismissal without leave to amend is appropriate. Additionally,

as discussed above, there is no basis for Plaintiff's attempt to obtain tapes and transcripts of state court proceedings from a federal agency years after those proceedings took place. Any further attempt to amend would be futile.

### CONCLUSION

The TAC is **DISMISSED** without leave to amend for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

DATED:  June 10, 2011

_____
Hon. Roger T. Benitez
United States District Judge